UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   16-60169-CIV-GAYLES/TURNOFF

**UNNAMED**,

    Plaintiff,

vs.

**THE BLUE LAGOON MOTEL**, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. Unnamed Plaintiff, appearing *pro se*, filed a Complaint against The Blue Lagoon Motel, Rental Vacation Properties, LLC, Ft. Lauderdale Police Department, and Unnamed Rapist and his friend (collectively the "Defendants") on January 28, 2016. [ECF No. 1]. Plaintiff filed a motion to proceed *in forma pauperis* [ECF No. 4], and the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2). Upon initial screening, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted against the Defendants.

To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). In considering whether dismissal is appropriate under § 1915(e)(2)(B)(ii), the Court applies the

standard governing dismissal under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The Court will dismiss a Complaint for failure to state a claim if the facts as plead do not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court recognizes that "*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Id.* (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The Court views the allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). However, "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

Plaintiff's Complaint alleges one cause of action, titled "Constitutional and Civil Rights Violations According to 42 U.S.C. §§ 1983, 1988: Violation of First Amendment Speech Rights (Against All Defendants)." [ECF No. 1 at 2]. Below the title for Count One, Plaintiff fails to allege the elements of any constitutional violation and merely "incorporates by reference all of the above paragraphs." [*Id.* at ¶ 4]. The only factual allegations in the Complaint are found in a single sentence that states, *inter alia*, that "Plaintiff was raped" and that "the other Defendants failed to aid," but the remainder of the sentence is indiscernible. [*Id.* at ¶ 3]. Even liberally construing the allegations and accepting them as true, the Court is unable to recognize a facially plausible claim against Defendants or to "draw the reasonable inference" from Plaintiff's ambiguous factual allegations that Defendants are liable to Plaintiff. *See Iqbal*, 556 U.S. at 678. As a result,

Plaintiff's Complaint shall be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. Accordingly, it is

**ORDERED AND ADJUDGED** that this case is **DISMISSED without prejudice**.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Proceed *in forma pauperis* **[ECF No. 4]** is **DENIED without prejudice** and the Clerk of Court is instructed to mark the case as **CLOSED.** All other pending motions are **DENIED as moot**. It is further

**ORDERED AND ADJUDGED** that Plaintiff may move to reopen this case in order to file an Amended Complaint that satisfies the pleading requirements of the Federal Rules of Civil Procedure. Furthermore, as Plaintiff has demonstrated the intention to remain unnamed in the Complaint, the Court **DIRECTS** Plaintiff to consult Southern District of Florida Local Rule 5.4 for instructions on filing court documents under seal, should Plaintiff wish to proceed with the claim(s) under seal.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of January, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record